# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**November 10, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MARY ANN ROBERTS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0867** (BOR Appeal No. 2047992)
                    (Claim No. 2010130461)

**MARY ROBERTS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Ann Roberts, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mary Roberts, by Lucinda Fluharty, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2013, in which the Board affirmed a November 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 4, 2011, decision which granted Ms. Roberts a 5% permanent partial disability award and granted Ms. Roberts no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Roberts, a home health care provider, was injured on November 17, 2009, while assisting a patient in the shower. Her claim was held compensable for lumbar and sacrum strains. Ms. Roberts previously injured her lower back on March 1, 2002. In a September 2, 2004, independent medical evaluation for the March 1, 2002, back injury, Jack Koay, M.D., placed Ms. Roberts in Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006), and

1

assessed 13% whole person impairment. Ms. Roberts was then granted a 13% permanent partial disability award.

In the instant claim, three independent medical evaluations were performed in order to determine the amount of permanent impairment Ms. Roberts sustained as a result of her November 17, 2009, injury. Sushil Sethi, M.D., performed an evaluation on September 26, 2011. He noted that Ms. Roberts had a history of sacroiliac pain and had received injections since 2007. He placed her in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and assessed 5% whole person impairment. He made no note of a previous permanent partial disability award for the lumbar spine and did not apportion for the previous award. Based upon Dr. Sethi's evaluation, the claims administrator awarded Ms. Roberts a 5% permanent partial disability award on October 4, 2011.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on January 5, 2012. Dr. Guberman noted that Ms. Roberts originally injured her lower back on March 1, 2002, and underwent two surgeries. Following her surgeries, she did well and had no significant limitations. Following her November 17, 2009, injury she had increased pain and decreased range of motion. Dr. Guberman assessed 22% lumbar spine impairment. Ms. Roberts's previous 13% permanent partial disability award was subtracted from the range of motion impairment and a total of 9% whole person impairment was found for the November 17, 2009, injury. Dr. Guberman placed Ms. Roberts in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and adjusted the impairment to 8%. A final independent medical evaluation was performed by Victoria Langa, M.D., on October 2, 2012. Dr. Langa noted Ms. Roberts's prior 13% permanent partial disability award. She assessed 17% whole person impairment. Because Ms. Roberts had already been awarded a total of 18% permanent partial disability, she recommended no additional award. Notably, she failed to apply West Virginia Code of State Rules § 85-20 (2006) to her impairment assessment.

The Office of Judges reversed the claims administrator's grant of a 5% permanent partial disability award and instead granted Ms. Roberts no permanent partial disability award in its November 29, 2012, Order. The Office of Judges found that Ms. Roberts was granted a 13% permanent partial disability award for the lumbar spine in a previous claim. The claims administrator's award in the instant claim was based upon Dr. Sethi's independent medical evaluation; however, Dr. Sethi failed to acknowledge and apportion for the previous award when he assessed 5% whole person impairment. Dr. Guberman did apportion for the previous award; however, he did so improperly by subtracting the previous award from his range of motion findings instead of from his total impairment rating. Dr. Langa found a total of 17% impairment in her evaluation, but she failed to apply West Virginia Code of State Rules § 85-20. The Office of Judges determined that since Ms. Roberts's previous permanent partial disability award was due to a Lumbar Category III finding, she was not entitled to an additional permanent partial disability award for the compensable lumbosacral strain in the instant case which placed her in Lumbar Category II. The Office of Judges found that the only report of record that followed the proper procedure for determining permanent impairment was the report of Dr. Koay upon which the original 13% permanent partial disability award was granted. The Office of Judges found no justification in any other report which would entitle Ms. Roberts to an additional award.

2

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 30, 2013, decision. The Board of Review noted that Ms. Roberts was previously granted a 13% permanent partial disability award and was classified under Lumbar Category III. Therefore, she cannot be granted an award for the low back injury in this claim under Lumbar Category II.

On appeal, Ms. Roberts argues the Office of Judges and Board of Review committed factual errors of interpretation regarding the independent medical evaluations of Dr. Guberman and Dr. Langa. Mary Roberts asserts that Ms. Roberts has been fully compensated by her previous permanent partial disability award and is entitled to no additional award in the instant case. After review, this Court agrees with the reasoning and conclusions of the Board of Review. Ms. Roberts has been fully compensated by her prior 13% permanent partial disability award and is entitled to no additional award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II